# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIO VILLARS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 4586 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| STEPHEN KUBIATOWSKI as Assistant ) | |
| United States Attorney for the Northern ) | |
| District of Illinois; MAURY STRAUB as ) | |
| Ozaukee County Sheriff; JEFFREY SAUDER ) | |
| as Ozaukee County Jail Administrator; DOES ) | |
| OZAUKEE COUNTY JAIL DEPUTIES 1-8; ) | |
| COUNTY OF OZAUKEE; KENNETH ) | |
| COPPES, PATRICK MURRAY, and ) | |
| MICHAEL BARR as Village of Round Lake ) | |
| Beach Police Officer; the VILLAGE OF ) | |
| ROUND LAKE BEACH; GARY BITLER as ) | |
| Round Lake Beach Police Chief; LAKE ) | |
| COUNTY; MARK CURRAN as Sheriff of ) | |
| Lake County; DOES LAKE COUNTY JAIL ) | |
| DEPUTIES SHERIFF 9-13, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to strike Defendant Ozaukee County's affirmative defenses [68]. For the reasons set forth below, the Court grants Plaintiff's motion as to affirmative defenses (2) and (6), but denies the motion as to affirmative defenses (1), (3), (4), and (5).

### I. Background

Plaintiff Julio Villars commenced this suit on June 13, 2012 and filed a twenty-one count second amended complaint on August 1, 2013. On August 30, 2013, Defendant Ozaukee County filed its answer and pled the following six affirmative defenses:

1. Plaintiff's claims against the fictitious defendants in their individual capacities are barred by applicable statutes of limitations because plaintiff was released on February 1, 2011 and has failed to identify the fictitious defendants within the two year statute of limitations applicable to this matter;

2. Plaintiff's complaint contains claims which fail to state a claim upon which relief may be granted because he has failed to identify unconstitutional conditions of confinement, illegal imprisonment, illegal strip searches, failure to prosecute actions subject to his alleged failure to access law library materials, and because he was represented by counsel;

3. These answering defendants are protected from suit by immunities including qualified immunity because any individual capacity claims are barred by the fact that their actions were constitutional and existing law does not deem their actions unconstitutional;

4. No joint and several liability exists for the claims raised by the plaintiff against defendants because 42 U.S.C. does not allow for joint and several liability;

5. Plaintiff's injuries or damages, if any, were not caused by a governmental policy or practice of these answering defendants, barring his official capacity claims against the named individual defendants and municipal claims against Ozaukee County;

6. Plaintiff's claims against these answering defendants insurer are subject to the definitions, exclusions, and limitations within the policy; the defendant insurer shall, in no way, be liable for amounts alleged or awarded above its policy limits.

Plaintiff now moves to strike these defenses, arguing that they are "conclusory . . . without pleading any facts that form the basis for these defenses" in violation of Federal Rule of Civil Procedure 12(f).

## II.    Analysis

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses may be used to expedite a case by "remov[ing] unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.

1989); *Man Roland, Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 578 (N.D. Ill 1999); *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp 1224, 1228 (N.D. Ill 1996). Affirmative defenses will be stricken only when they are facially insufficient; therefore it would be inappropriate to strike an affirmative defense where the issues are complex. *Heller*, 883 F.2d at 1294. "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact. Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Id.* Thus, defenses must set forth a "short and plain statement," of the defense. *Id.* (citing Fed. R. Civ. P. 8(a)). That being said, a defendant's pleading will be construed liberally.

    **B.**    **Affirmative Defenses**

Plaintiff argues that all six of Defendant's affirmative defenses fall short of satisfying Rule 8's "fair notice" pleading requirement because "Defendants' affirmative defenses provide absolutely no indication of what the factual basis of those affirmative defenses might be, and therefore, force Plaintiff to guess and wonder." The Court needs to look no further than Defendant's first affirmative defense to determine the untenability of this generalized and conclusory claim. In that defense, Defendant asserts that the statute of limitations bars Plaintiff's suit, since "plaintiff was released on February 1, 2011 and has failed to identify the fictitious defendants within the two year statute of limitations applicable to this matter." In addition to Ozaukee County, sheriff Maury Straub, and jail administrator Jeffrey Sauder, Plaintiff has sued "Does Ozaukee County Jail Deputies 1-8." Knowing that, this affirmative defense leaves nothing to "guess" or "wonder." The Court, therefore, will not strike Defendant's affirmative defenses based on Plaintiff's unsupported, one-line argument that all of the defenses "provide no indication" as to their factual bases.

Plaintiff specifically objects to affirmative defenses (2) and (6). He argues that Defendant's second affirmative defense should be stricken because it is a "boilerplate affirmative defense of 'failure to state a claim' [that] must be stricken because it is not a cognizable affirmative defense." The Court agrees. For one, several of Defendant's purported reasons for raising the defense in the first place have no cognizable relation to the claims in Plaintiff's complaint, suggesting that their language is, in fact, boilerplate. For example, Defendant states that Plaintiff's complaint fails to state a claim "because he has failed to identify unconstitutional conditions of confinement" and "failure [sic] to access law library materials, and because he was represented by counsel." Yet Plaintiff's complaint does not attempt to state claims based on the conditions of his confinement or lack of access to law library materials. But even setting aside the boilerplate nature of this language, "a true affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense." *Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois Nat. Bank and Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983) (quoting 2A MOORE'S FEDERAL PRACTICE ¶ 8.27 [4], at 8-260). Ozaukee County's defense that Plaintiff has failed to state a claim would have been more appropriately asserted in a motion to dismiss pursuant to Rule 12(b)(6), rather than as an "affirmative" defense. See Fed. R. Civ. P. 12(b)(6); *Sayad v. Dura Pharmaceuticals, Inc.*, 200 F.R.D. 419, 422 (N.D. Ill. 2001) ("The Court agrees with Judge Shadur['s decision in *Instituto Nacional*] that an allegation of failure to state a claim is not technically an affirmative defense."); *Instituto Nacional*, 576 F. Supp. at 991 ("[F]ailure to state a claim upon which relief may be granted . . . is not a proper affirmative defense under Rule 8(c)). Ozaukee County did not file a 12(b)(6) motion, however, so the Court will not have occasion to consider this defense. For that reason, this affirmative defense is clutter and, accordingly, the Court grants Plaintiff's

motion to strike Defendant's second affirmative defense (even though there really is no practical effect or advantage to the Plaintiff in the Court doing so).

Plaintiff also objects to Defendant's sixth affirmative defense because it "fails to set forth a short and plain statement of anything that constitutes an avoidance or an Affirmative Defense." The Court agrees. Defendant's affirmative defense states that "Plaintiff's claims against these answering defendants [sic] insurer are subject to the definitions, exclusions, and limitations within the policy; the defendant insurer shall, in no way, be liable for amounts alleged or awarded above its policy limits." An affirmative defense is "an admission of the fact alleged in the complaint, coupled with the assertion of some other *reason defendant is not liable*." *Instituto Nacional*, 576 F. Supp. at 988 (emphasis added). Like its second affirmative defense, Defendant seems to have included this defense without regard to the actual allegations in this case. Plaintiff does not make any claims against Ozaukee County's insurer and, as far as the Court can discern, Defendant's insurer's policy limit has no bearing on Ozaukee County's potential liability to Plaintiff for their alleged violations of his civil rights. For that reason, this defense is inapplicable to this case and is stricken. *Sayad*, 200 F.R.D. at 422 (striking affirmative defenses that are "inapplicable" and "irrelevant" to Plaintiff's allegations).

The Court notes that Defendant's response to Plaintiff's motion to strike addresses Plaintiff's generalized claims about Defendant's defenses, arguing that all six affirmative defenses "sufficiently inform[] Villars of the issue raised and each affirmative defense also properly constitutes a statement of reasons that confirm that Villars has no right to recovery in addition to the denials included in the main body of the answer." But Defendant fails to address Plaintiff's specific attacks regarding affirmative defenses (2) or (6), bolstering the Court's conclusion that Defendant included these defenses in its responsive pleading as a matter of form,

without regard to the specific allegations at issue here, and should therefore be stricken. If Defendant (a) believes that the Court has misconstrued an affirmative defense that Defendant has tried to assert in its pleading and (b) believes that that affirmative defense is, in fact, a valid one, Defendant may seek leave to amend its pleadings pursuant to Rule 15(a) and include an appropriate explanation.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to strike Defendant Ozaukee County's affirmative defenses [68] is granted as to affirmative defenses (2) and (6), but denied as to affirmative defenses (1), (3), (4), and (5).

Dated: May 14, 2014

Robert M. Dow, Jr.
United States District Judge