IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIO VILLARS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-4586 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| STEPHEN KUBIATOWSKI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has brought various statutory and constitutional claims arising from his detention under the Material Witness Statute, 18 U.S.C. § 3144. He now moves for leave to file a fourth amended complaint ("FAC") [132]. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion [132]. Specifically, Plaintiff is given until 9/25/2015 to file an amended complaint naming the Ozaukee John Doe Deputies as Defendants in the case. In addition, Plaintiff may file a motion for leave to file another amended complaint limited to Count IV as discussed below, also no later than 9/25/2015. In all other respects, the motion is denied.

**I.    Background**

    **A.    The Second Amended Complaint**

The current operative complaint is the Second Amended Complaint ("SAC").[1] The Court discussed the SAC's allegations extensively in its previous Opinions and Orders [98, 108], knowledge of which is assumed. Accordingly, the Court here limits its discussion of the SAC to the allegations necessary to resolve Plaintiff's motion.

---

[1] Plaintiff's motion for leave to file his Third Amended Complaint was denied without prejudice while Defendant's motion to dismiss were pending. [See 90.] Plaintiff then moved to file the FAC [132].

The SAC alleges that Plaintiff was detained pursuant to a material witness warrant. The federal Material Witness Statute authorizes judges to "order the arrest of [a] person" whose testimony "is material in a criminal proceeding * * * if it is shown that it may become impracticable to secure the presence of the person by subpoena." 18 U.S.C. § 3144. A witness must be released if his or her testimony "can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." *Id.*

Plaintiff was arrested on Assistant U.S. Attorney Kubiatowski's motion in *U.S. v. Diaz*, 10-cr-0199, a case in which Plaintiff had posed as a buyer of methamphetamine at the direction of the FBI. In the affidavit attached to his motion, Kubiatowski represented to Judge Castillo that Plaintiff's testimony was critical to the government's prosecution of defendant Jose Diaz and that Plaintiff was facing imminent deportation proceedings. Kubiatowski advised Judge Castillo that the government would be unable to secure Plaintiff's presence at a potential trial with a subpoena and therefore needed a material witness warrant transferring Plaintiff to the custody of the U.S. Marshals Service. See Kubiatowski Affidavit in *U.S. v. Diaz*, 10-cr-0199, [54-1]. Plaintiff alleges that Kubiatowski failed to provide the Court with the biweekly reports required under Federal Rule of Criminal Procedure 46(h)(2). As a result, he allegedly was detained in various locations, including Ozaukee County Jail, for longer that he otherwise would have been detained. The Ozaukee Defendants[2] allegedly subjected Plaintiff to unreasonable strip searches and general mistreatment.

1. **Kubiatowski**

Counts I through IV of the SAC bring various claims against Kubiatowski. Count I alleges that Kubiatowski violated Plaintiff's due process rights by detaining him longer than

---
[2] The Ozaukee Defendants include Ozaukee County, Ozaukee County Sheriff Maury Straub, Ozaukee County Jail Administrator Jeffrey Sauder, and John Doe Jail Deputies 1–8.

necessary to secure his presence as a material witness at trial. Count II alleges that Kubiatowski violated Plaintiff's due process rights by "adopting and implementing policies" that subjected him to "outrageous, excessive, cruel, inhuman, and degrading conditions of confinement." Count III alleges that Kubiatowski violated Plaintiff's equal protection rights by (as in Count I) detaining Villars longer than was "necessary to secure his appearance in court" and (as in Count II) "subjecting him to harsh[er] treatment" than other "similarly-situated material witness[es]," because of his race, ethnicity, or national origin. Count IV alleges that Kubiatowski violated Plaintiff's Fourth Amendment right to be free from unreasonable detention and failed to comply with the material witness statute (18 U.S.C. § 3144), the Bail Reform Act (18 U.S.C. § 3142(f)(2)), and Federal Rule of Criminal Procedure 46(h). Count XV alleges that Kubiatowski violated the Vienna Convention on Consular Relations by failing to inform Villars of his right to communicate with consular officials.

Kubiatowski moved to dismiss Counts I through IV [83], arguing that Plaintiff could not sue him in his official capacity and that he was absolutely immune in his individual capacity. The Court granted Kubiatowski's motion in part and denied it in part. [See 98, 105.] Specifically, the Court dismissed all five claims against him in his official capacity, reasoning that they were tantamount to constitutional tort claims against the federal government itself, (see *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007)), which the Supreme Court did not authorize in *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* only authorized such claims against federal officers in their individual capacities. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1985) ("[W]e implied a cause of action against federal officials in *Bivens because* a direct action against the Government was not available * * * the purpose of *Bivens* is to deter *the officer*." (emphasis in original)).

3

As to the claims brought against Kubiatowski in his individual capacity, the Court's analysis turned on *Daniels v. Kieser*, 586 F.2d 64 (7th Cir. 1978), and *Odd v. Malone*, 538 F.3d 202, 212 (3d Cir. 2008). In *Daniels*, the plaintiff sued an Assistant United States Attorney for allegedly lying to a federal judge to obtain a material witness warrant and secure the plaintiff's testimony during trial. 586 F.2d at 65–66. The Seventh Circuit held that the defendant prosecutor was entitled to absolute immunity. *Id.* at 66–68. "In seeking to guarantee Daniels' presence at the trial through the material witness warrant, defendant was attempting to prove all elements charged in the indictment" and thus "was not cast in the role of an administrator or investigative officer with respect to securing Daniels' attendance at [] trial," but was acting as an "advocate." *Id.* at 68. Nevertheless, the Court noted that, even in the midst of a trial, a prosecutor is not entitled to absolute immunity "[w]hen he is acting in an administrative or investigative capacity." *Id.* at 67

*Odd v. Malone*, 538 F.3d 202, 212 (3d Cir. 2008), endorsed *Daniels*' holding that a prosecutor acts in his prosecutorial capacity when he secures a material witness warrant for a witness' arrest. *Odd*, unlike *Daniels* and like this case, involved allegations that after the prosecutors obtained the warrant, "they neglected to keep the courts informed of the progress of the criminal proceedings and the custodial status of the witnesses." *Odd*, 538 F.3d at 205. With respect to material witness Nicole Schneyder, the prosecutor failed to update the judge when the trial was continued or to inform him that Schneyder remained incarcerated during that time. *Id.* at 213. As a result, Schneyder sat in jail for 48 days after the continuance, until the judge finally was cued in and promptly released her. *Id.* at 206. Schneyder sued the DA's office and the individual ADA assigned to her case for violations of her Fourth and Fourteenth Amendment rights. *Id.* at 206. The Third Circuit found that the prosecutor's obligation to inform the Judge

of the trial's continuance and the material witness' ongoing detention "was primarily administrative." *Id.* at 213.

Given (1) the factual similarities between Plaintiff's allegations and those of plaintiff Schneyder in *Odd* and (2) the explicit statement by the Third Circuit that a prosecutor's failure to observe Rule 46(h)(2)'s biweekly reporting requirement is "plainly administrative" for purposes of absolute prosecutorial immunity, the Court denied Kubiatowski's motion to dismiss with respect to Plaintiff's Rule 46(h)(2) claim. However, the Court granted Kubiatowski's motion to dismiss Plaintiff's claims "to the extent that Villars seeks to hold Kubiatowski liable for misrepresentations that Kubiatowski allegedly made to Judges Castillo and/or Denlow to secure Villars's detention," in light of the holding in *Daniels* that such actions qualify as "advocacy" and are thus entitled to absolute immunity. [See 98, at 25.]

### 2. The Ozaukee Defendants

Counts XIII and XIV allege that Ozaukee County, Ozaukee County Sheriff Maury Straub, Ozaukee County Jail Administrator Jeffrey Sauder, and John Doe Jail Deputies 1–8 (collectively, "the Ozaukee County Defendants") violated Plaintiff's Fourth and Eighth Amendment rights by subjecting him to unreasonable strip searches and general mistreatment while housed at the Ozaukee County Jail. Count XXI alleges that Ozaukee County employees Straub and Sauder, as well as John Doe Deputies 1–8, deprived Plaintiff of his constitutional right of access to the courts.

### B. Proposed Fourth Amended Complaint

Plaintiff has moved for leave to file a six-count Fourth Amended Complaint ("FAC"). The FAC makes three main changes to the SAC. First, it adds factual allegations supporting Plaintiff's contention that the material witness warrant failed to satisfy the requirements of the

Material Witness Statute, that the government lacked probable cause to arrest and detain him, and that his detention was therefore unconstitutional. Second, it adds a "State Created Danger" and "Special Relationship" claim. Third, it identifies by name the Ozaukee John Doe Deputies. See Reply at 1.

Count I alleges a violation of the Material Witness Statute and Bail Reform Act, 18 U.S.C. §§ 3142, 3144. Counts II and III, respectively, allege arrest and detention in violation of the Fourth and Fifth Amendments. All three counts allege that (a) Plaintiff was arrested for the unlawful purpose of detaining him indefinitely; (b) there was no probable cause to believe his testimony could not be secured without arrest; (c) there was no probable cause to believe he would refuse to testify; (d) his detention was prolonged, excessive, and punitive; and (e) Kubiatowski violated Rule 46(h)(2)'s biweekly reporting requirement. Count II additionally alleges a Fourth Amendment violation based on Defendants' unreasonable and unlawful searches, including strip searches, and that the Material Witness Statute was violated the Fourth Amendment as applied to Plaintiff's arrest. Count III additional alleges a Fifth Amendment violation based on the lack of an individualized assessment, hearing or proper process before Plaintiff was detained. Count IV alleges a Fifth Amendment violation based on "special relationship" and "state-created danger" theories. Count V alleges a "violation of constitutional under color of state law," which the Court construes as a § 1983 claim, alleging that the Ozaukee Defendants' strip searches were unconstitutional. And Count VI brings a § 1983 claim for denial of access to the courts based on Plaintiff's inability to access the law library. The factual allegations brought in support of these claims are discussed in the Court's analysis below.

## II. Motion to Amend Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, it is appropriate to deny a motion for leave to amend when an amendment would be futile because it could not withstand a motion to dismiss. See, *e.g.*, *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). The Seventh Circuit has instructed that leave to amend should be granted unless a party has engaged in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, *etc.*" *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile when it "merely restates the same facts using different language, or reasserts a claim previously determined;" when it "fails to state a valid theory of liability;" or when it "could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citations and internal quotation marks omitted).

## III. Analysis

The Court notes at the outset that the FAC states that all counts are brought against all Defendants. But Counts I, III, and IV arise from conduct committed by Kubiatowski, not the Ozaukee Defendants. Accordingly, the Court construes them as alleging claims against only Kubiatowski. Count II brings a Fourth Amendment claim against both Kubiatowski and the Ozaukee Defendants, and as to the Ozaukee Defendants, it alleges that the strip searches were unreasonable. But to hold the Ozaukee Defendants liable for a Fourth Amendment violation, Plaintiff must bring a § 1983 claim, which he already brings in Count V. Accordingly, the Court construes Count II as alleging a claim only against Kubiatowski. As for Counts V and VI, the

FAC similarly states that they are brought against all Defendants. In his reply, however, Plaintiff has clarified that they are brought only against the Ozaukee Defendants. Reply at 2. In sum, the Court construes Counts I through IV to bring claims only against Kubiatowski and Counts V and VI to bring claims only against the Ozaukee Defendants.

### A. Counts I through IV Against Kubiatowski

Beginning with Counts I through III, Plaintiff adds various new allegations regarding Kubiatowski's misstatements and omissions when seeking the material witness warrant. The FAC alleges that "the government was able to secure a material witness warrant for Mr. Villars's arrest only by providing the Court with a patently false and wholly misleading affidavit." FAC ¶ 9. It further alleges that Kubiatowski's affidavit made material omissions in that it failed to inform the Court (1) that ICE had revoked Plaintiff's immigration documents; (2) that Plaintiff had worked for the past two years as a FBI and DEA confidential human source ("CHS") with the approval of the U.S. Attorney's Office; (3) that he had family members who were native-born U.S. citizens living in this country; (4) that he voluntarily had worked with the DEA and FBI on several cases in exchange for Legal Permanent Residence; (5) that the FBI, DEA and U.S. Attorney's Office had not told Plaintiff that he might be needed for future testimony; (6) that he was never asked if he would be willing to testify as a witness; and (7) that the existence of an ICE detainer was not sufficient grounds to find that there was a serious risk of Plaintiff's flight. FAC ¶ 10. Kubiatowski's oral motion averred that the case was "eligible for entry of a detention order because of a serious risk of flight and, further, that the Court should detain Mr. Villars because no condition or combination of conditions of release could reasonably assure his appearance as required because ICE would remove him to Honduras." *Id.* ¶ 12. In stating so, Kubiatowski "blind-sided" Plaintiff "almost a month after [the government] had last

contacted him, without ever giving him he opportunity to cooperate voluntarily—all under the pretense that his testimony was critically needed." *Id.* ¶ 11. Based on these facts, Plaintiff alleges that there were insufficient facts showing that it "may become impracticable to secure the presence of the person by subpoena," 18 U.S.C. § 3144, and that his material witness warrant lacked probable cause.

The Court's prior immunity analysis applies to these new allegations. As the Court previously explained, Kubiatowski is absolutely immune from Plaintiff's claims seeking to hold him liable for making misrepresentations or material omissions to Judges Castillo and/or Denlow to secure Plaintiff's detention. Again, such actions are "advocacy" under *Daniels* and *Odd*. Plaintiff argues that *Daniels* did not "address whether immunity shields a prosecutor from seeking to arrest a cooperating material witness *without * * * probable cause* (legal probable cause to issue the arrest warrant did not exist based upon the information known to Kubiatowski at the time the warrant was sough[t]) or if the *Material Witness Statute is unconstitutional when applied to a cooperating witness*, all that Daniels alleged was that his arrest and imprisonment came as a result of defendants" false statements to the judge. Reply at 6. He further argues that "Kubiatowski was not acting as an advocate but as [an] investigator searching for clues and corroboration that might give him probable cause to seek an arrest warrant against Villars." *Id.* at 7. But as the Court previously explained, Kubiatowski is immune from any liability arising from the representations he made to secure the warrant. This means that even if (1) probable cause to arrest Plaintiff as a material witness was lacking, (2) the material witness warrant was invalid, and (3) Plaintiff's detention was unconstitutional, Kubiatowski could not be held personally liable for it based on the facts alleged. Accordingly, Plaintiff's new allegations regarding Kubiatowski's misstatements and omissions are futile; they add more detail to a claim

9

already dismissed on immunity grounds. (That said, Plaintiff still may proceed on his claims alleging that Kubiatowski failed to comply with Rule 46(h)(2)'s biweekly reporting requirement, as the Court explained in its prior Opinions and Orders [98, 105].)

Plaintiff states in his reply brief that he intends to seek a *Franks* hearing to challenge the warrant. See *Franks v. Delaware*, 438 U.S. 154 (1978). But *Franks* addressed whether "*a defendant in a criminal proceeding* ever ha[s] the right, under the Fourth and Fourteenth Amendments, subsequent to the *ex parte* issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant[.]" *Id.* at 155 (emphasis added). Plaintiff is not a criminal defendant and he cites no authority applying *Franks* outside that context.

Turning to Count IV, the FAC alleges that Kubiatowski had a "special relationship" with Plaintiff as a material witness and that his actions imposed a "state-created danger" on Plaintiff.[3] Generally, a "State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Two exceptions exist: "(1) when the state has a special relationship with the person such as when it has custody over a person, it must protect him because no alternate avenues of aid exist, and (2) under the state-created danger exception, liability exists when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." *Doe*, 782 F.3d at 916 (7th Cir. 2015) (citations omitted). The Seventh Circuit has noted that "functionally the two classes of case are the same * * * [f]or in both

---

[3] Contrary to Defendant's argument, case law suggests that special relationship/state-created danger claims may be brought under *Bivens*. See *Benzman v. Whitman*, 523 F.3d 119, 129 (2d Cir. 2008) (recognizing that a state-created danger claim may brought against a federal actor under *Bivens*); *Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 80 (1st Cir. 2005) (same); *Wang v. Reno*, 81 F.3d 808 (9th Cir. 1996).

classes of case the victim is safe before the state intervenes and unsafe afterward." *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.*, 548 F.3d 595, 598 (7th Cir. 2008); see also *Paine v. Cason*, 678 F.3d 500, 510 (7th Cir. 2012). To state such a claim, Plaintiff must allege (1) that Kubiatowski created or increased a danger faced by Plaintiff; (2) that Kubiatowski's failure to protect him from danger was the proximate cause of Plaintiff's injuries; and (3) that Kubiatowski's failure to protect Plaintiff "shocks the conscience." *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 654 (7th Cir. 2011); *King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 817–18 (7th Cir. 2007).

Plaintiff alleges that "a 'CHS' relationship with law enforcement personnel inherently creates a dangerous condition, in that disclosure of the confidential human source's identity will foreseeable result in harm to the 'CHS,'" *id.* ¶ 109; that Kubiatowski "disclosed to the public by naming Mr. Villars as a Material Witness in the Court Docket (a public record) that Mr. Villars had been a cooperating source or participated on a sting operation under the supervision of the DEA and FBI," *id.* ¶ 113; that Kubiatowski thereby created "an opportunity that otherwise would not have existed for a third party's crime of retaliation to occur," *id.* ¶ 115; that Kubiatowski "proximately caused retaliation against Mr. Villars" and "fear [of] being harm[ed] and kill[ed] in the future by Drug Trafficking Organizations, *id.* ¶ 116; that Plaintiff's "living conditions [have] become unbearable [as he is] living in hiding with fear of getting killed," *id.* ¶ 106; and that Plaintiff consequently lost past and future income, *id.* ¶ 117.

These allegations are conclusory and speculative. They provide no concrete detail explaining why Plaintiff is unsafe, nor do they allege conduct that shocks the conscience. As such, Plaintiff's allegations fall short of the factual support necessary to plausibly state a claim that could satisfy the second and third elements of a state-created danger claim. In his reply,

Plaintiff adds that he received retaliatory death threats from the Defendants in *Diaz* and that he faces torture or death if he returns to Honduras. But the allegations in the complaint specifically must provide enough factual detail to make Plaintiff's claim plausible. A plaintiff may not amend a proposed amended complaint through a reply brief. *Cf. Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that a complaint may not be amended by the briefs in opposition to a motion to dismiss"). However, in view of the additional allegations set out in Plaintiff's reply brief and Plaintiff's *pro se* status, if Plaintiff wishes to try to replead as to Count IV only, he may file another motion for leave to file an amended complaint no later than 9/25/2015. The Court does not believe that further briefing would be necessary to evaluate whether any further proposed Count IV would satisfy Rules 8 and 15. However, if (1) Plaintiff files a motion to amend and (2) after review of the motion, Defendant Kubiatowski wishes to respond, he may do so by 10/9/2015.

In sum, with the limited exception noted in the previous paragraph, the FAC's changes are futile with respect to Kubiatowski. They either repeat the deficiencies identified in the Court's prior Opinions and Orders [98, 105] or fail to state a new claim. As to the Ozaukee Defendants, the FAC essentially alleges the same facts and brings the same claims. Its only change is the naming of the Ozaukee John Doe Deputies.

## IV.  Conclusion

For the reasons stated above, the Court denies in part and grants in part Plaintiff's motion [132]. Specifically, the motion is denied except that Plaintiff is given until 9/25/2015 to file an amended complaint naming the Ozaukee John Doe Deputies. In addition, Plaintiff may file a motion for leave to file another amended complaint limited to Count IV as discussed above, also no later than 9/25/2015.

Dated: September 2, 2015

_____
Robert M. Dow, Jr.
United States District Judge