**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIO VILLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 12-cv-4586 |
| STEPHEN KUBIATOWSKI, Assistant | ) | |
| U.S. Attorney for the Northern District of | ) | |
| Illinois; MAURY STRAUB, Ozaukee | ) | Judge Robert M. Dow, Jr. |
| County Sheriff; JEFFREY SAUER, | ) | |
| Ozaukee County Jail Administrator; | ) | |
| SCOTT SMITH, Ozaukee County Jail | ) | |
| Deputy; ERIC SAGER, Ozaukee County | ) | |
| Jail Deputy; STAN GRIFFIN, Ozaukee | ) | |
| County Jail Deputy; BRAD KITTINGER, | ) | |
| Ozaukee County Jail Deputy; CHARLES | ) | |
| FRECHETTE, Ozaukee County Jail | ) | |
| Deputy; RICHARD SEIDEMANN, | ) | |
| Ozaukee County Jail Deputy; BRIAN | ) | |
| McINNIS, Ozaukee County Jail Deputy; | ) | |
| CORY JEPSON, Ozaukee County Jail | ) | |
| Deputy; and OZAUKEE COUNTY, | ) | |
| WISCONSIN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Kubiatowksi's motion [149] to strike Counts I, II, III and IV of Plaintiff's Fourth Amended Complaint; Plaintiff's motion [151] for leave to file a Fifth Amended Complaint; and Plaintiff's motion [156] for leave to file a supplemental complaint and request for declaratory and injunctive relief or, in the alternative, a Sixth Amended Complaint. All three motions are opposed. For the following reasons, Defendant Kubiatowski's motion [149] to strike Counts I, II, III and IV of Plaintiff's Fourth Amended Complaint is granted in part and denied in part; Plaintiff's motion [151] for leave to

1

file a Fifth Amended Complaint is denied; and Plaintiff's motion [156] for leave to file a supplemental complaint and request for declaratory and injunctive relief is granted in part and denied in part. This case remains set for a status hearing before Magistrate Judge Rowland on May 24, 2016, at 9:00 a.m.

## I.    Factual Background[1]

At all times relevant to the complaint, Plaintiff Julio Villars ("Plaintiff") was a resident of the Village of Round Lake Beach, Illinois. Plaintiff worked as a Confidential Human Source ("CHS") for federal law enforcement authorities, including the Federal Bureau of Investigations ("FBI") and the Drug Enforcement Agency ("DEA"). FBI Special Agent Roecker used his federal authority to induce Plaintiff to become a CHS. Law enforcement agencies and courts routinely take extraordinary steps to assure that the identities of CHSs are not disclosed except on a need-to-know basis, because the disclosure of a CHS's status creates a substantial danger that the CHS will be retaliated against or killed.

On March 11, 2010, Plaintiff, under the supervision of the DEA, participated in a controlled drug transaction involving one pound of methamphetamine. This transaction led to criminal charges being filed against defendants in *United States v. Jose Diaz, et al.*, No. 10-cr-199 ("*United States v. Diaz*").

On October 27, 2010, the U.S. Attorney's Office filed a motion for material witness warrant pursuant to 18 U.S.C. § 3144. See Case No. 10-cr-199, docket entry [54]. The motion was accompanied by a sworn affidavit from Defendant Stephen Kubiatowski ("Kubiatowski"), who at the time was an Assistant U.S. Attorney for the Northern District of Illinois. Kubiatowski identified Plaintiff by name as a cooperating source who had posed as a buyer of one pound of

---

[1] Unless otherwise noted, the facts set forth in this background section are taken from Plaintiff's Fourth Amended Complaint [147], which Plaintiff had leave of Court to file. See [144].

methamphetamine. Kubiatowski represented that Plaintiff's "testimony was a critical piece of the government case" and that it was necessary to detain Plaintiff on a material witness warrant because Plaintiff was facing imminent deportation proceedings and would be outside the court's jurisdiction by the time *United States v. Diaz* was tried. [147] at 8. On November 3, 2010, Judge Castillo issued a material witness arrest warrant for Plaintiff.

On November 10, 2010, Special Agent Roecker arrested Plaintiff as a material witness. Plaintiff was transported to the United States Marshals Service ("USMS") lock-up in downtown Chicago, Illinois. Plaintiff was not taken to a court hearing as stated in the warrant. Instead, Plaintiff spent approximately seven hours in a counsel client interview room without access to water, food, or restroom facilities. Plaintiff was then booked and processed, patted down, and placed in shackles, handcuffs, and a belly chain.

Next, Plaintiff was transported to the Ozaukee County Jail ("Jail") in Port Washington, Wisconsin. Defendant Jeffrey Sauer ("Sauer") was the Ozaukee County Jail Administrator. Defendants Scott Smith ("Smith"), Eric Sager ("Sager"), Stan Griffin ("Griffin"), Brad Kittinger ("Kittinger"), Charles Frechette ("Frechette"), Richard Seidemann ("Seidemann"), Brian McInnis ("McInnis"), and Cory Jepson ("Jepson") were all Deputies at the Jail (collectively, the "Jail Deputies"). Plaintiff was required to undergo a strip search when he entered the Jail and each time he was returned to the Jail from a court hearing. Upon information and belief, Ozaukee County, the Ozaukee County Department of Corrections, Sauer, and the Ozaukee County Sheriff Maury Straub ("Straub") maintain a written or *de facto* policy, custom or practice of strip-searching and placing in jail clothing every individual who enters the custody of the Jail, regardless of whether there is reasonable suspicious to believe that the individual is concealing a weapon or contraband. Upon information and belief, they also maintain a written or *de facto*

policy, custom, or practice of conducting a visual body cavity search of every individual who enters their custody, regardless of the characteristics of the individual, the circumstances of the arrest, or the nature of the charged crime. Upon information and belief, Ozaukee County, Straub, and Sauer tolerated, authorized, or ratified a systemic pattern by their employees of covering up unlawful strip searches.

While Plaintiff was incarcerated, the Jail, the Jail Deputies, and Sauer denied him regular and timely access to the law library and failed to provide him with contact information for the U.S. Attorneys' Office or the District Court for the Northern District of Illinois. Plaintiff sent written requests to these defendants for information and the majority of his requests went unanswered. Upon information and belief, the defendants restricted Plaintiff's library time because the library contained only one computer and five books on state law and no more than one detainee could use the library at a time. The waiting time to use the library was almost two weeks.

On November 15, 2010, the federal district court held an initial hearing on Plaintiff's detention. An attorney from the Federal Defendant Program, Paul Flynn, was appointed to represent Plaintiff at the hearing. During the hearing, Flynn expressed concern that he had a conflict of interest. Plaintiff did not knowingly and voluntarily waive his right to counsel. The assigned Magistrate Judge ruled that Plaintiff would remain detained pending a detention hearing on November 19, 2010. On November 18, 2010, Plaintiff tested positive for tuberculosis ("TB"). The next day, Plaintiff was taken to Chicago for his detention hearing. He was required to wear a mask and to be held in a separate cell from other incarcerated criminal defendants. Plaintiff returned to the Jail following the hearing.

Upon his return to the Jail, Plaintiff was no longer required to wear a mask and was returned to the general population.  Plaintiff was tested for TB again and, on November 22, 2010, the results came back negative.   Between November 22, 2010 and January 11, 2011, Kubiatowski did not file biweekly reports with the District Court as required by Rule 46(h)(2) of the Federal Rules of Criminal Procedure.   After Plaintiff had been detained for about two months, he went on a hunger strike.  His intention was to force someone to respond to his request for information regarding his detention.

On January 11, 2011, a status hearing was held on Plaintiff's detention.  The hearing was continued until January 13, and then again until January 27.   On January 27, the Magistrate Judge held the detention hearing and ordered Plaintiff's release from the Jail.   Plaintiff was transported back to the Jail in shackles, handcuffs, and a belly chain and was strip-searched upon his arrival at the Jail.  Plaintiff was detained at the Jail until February 1, 2011.  That day, he was transported to Chicago in shackles, handcuffs, and a belly chain.   Plaintiff was then released from custody.

On December 11, 2011, Diaz entered a plea of guilty to the charges brought against him in *United States v. Diaz*.

According to Plaintiff, Kubiatowski's actions exposed Plaintiff to the risk of retaliation and proximately caused retaliation against him.  Plaintiff fears being harmed or killed by drug trafficking organizations.   He alleges that he has suffered severe and lasting emotional and mental distress and lost past and future income as a result of Kubiatowski's actions.  Plaintiff also fears that he could be arrested and detained again as a material witness.  Finally, Plaintiff claims that he was promised a non-deportation agreement but government officials have instead denied him protection and barred his attempts to receive relief from deportation.

## II. Procedural History

On June 13, 2012, Plaintiff filed a *pro se* twenty-five count complaint [14] against various federal agencies and employees (including Kubiatowski), Ozaukee County and its employees (including Straub and Sauder) , Lake County and its employees (the "Lake County Defendants"), and the Village of Round Lake Beach ("Village") and its employees (the "Village Defendants").  On May 17, 2013, Plaintiff filed an amended complaint [17] with leave of the Court.  The amended complaint eliminated all of the federal government defendants except Kubiatowski.  It also named as defendants: (1) Ozaukee County, Straub, Sauder, and Does Ozaukee County Jail Deputies 1-8; (2) Lake County, its Sheriff Mark Curram ("Curram"), and Does Lake County Jail Deputies 9-13; and (3) the Village, its Police Chief Gary Bitler ("Bitler"), and its Police Officers Kenneth Coppes ("Coppes"), Patrick Murray ("Murray") and Michael Barr ("Barr").  Summons were issued to the Defendants named in the amended complaint.  See [18].  The Defendants from the Village and Lake County filed motions to dismiss the amended complaint.  See [38], [42].  The Court authorized Plaintiff to file a second amended complaint and struck the pending motions to dismiss.  See [53].

On August 13, 2013, Plaintiff filed a second amended complaint [54], which Kubiatowski, the Village Defendants, and the Lake County Defendants moved to dismiss.  See [58], [60], [83].[2]  On May 5, 2014, the Court granted the motions in part and dismissed: (1) all claims against Bitler; (2) all claims against Kubiatowski in his official capacity; (3) all claims against Kubiatowski to the extent that they seek to hold him liable for misrepresentations he made to Judges Castillo and/or Denlow to secure Plaintiff's detention; and (4) Counts VI, VII,

---

[2] While the motions to dismiss were pending, Plaintiff filed a motion for leave to file a third amended complaint to modify his pleadings against Kubiatowski only [87].  The Court denied Plaintiff's motion without prejudice on January 16, 2014 [90].

VIII, and XI, because they were duplicative. See [98]. Plaintiff subsequently entered into settlements with the Lake County Defendants and the Village Defendants. See [120], [121], [122], [123] (stipulations of dismissal and minute orders dismissing defendants). After dismissal of these parties, the following claims from the second amended complaint remained in the case: (1) two due process claims, an equal protection claim, and a Fourth Amendment claim against Kubiatowski in his individual capacity based on Kubiatowski's alleged failure to comply with Federal Rule of Criminal Procedure 46(h)(2) (Counts I through IV); (2) a claim against Kubiatowski in his individual capacity for violation of Plaintiff's rights under the Vienna Convention (Count XI); and (3) Fourth and Eighth Amendment claims against Ozaukee County, Straub, Sauer, and John Doe Ozaukee County Jail Deputies 1-8.

On January 6, 2015, Plaintiff filed a motion [132] for leave to file a proposed fourth amended complaint.[3] The proposed fourth amended complaint named the following defendants: Kubiatowski; Assistant U.S. Attorney Steven Lee ("Lee"); Roecker; Ozaukee County; Straub; Sauer; and Ozaukee County Jail Deputies Smith, Sager, Griffin, Kittinger, Frechette, Seidemann, McInnis, and Jepson. Count I alleged that all Defendants violated the material witness statute and Bail Reform Act, 18 U.S.C. §§ 3142, 3144. Counts II and III, also brought against all Defendants, alleged that Plaintiff was arrested and detained in violation of the Fifth and Fourteenth Amendments. Counts I through III were based on allegations that Plaintiff was arrested for the unlawful purpose of detaining him indefinitely, there was no probable cause to believe that Plaintiff's testimony could not be secured without arrest or that Plaintiff would refuse to testify, Plaintiff's detention was prolonged, excessive, and punitive, and Kubiatowski

_____

[3] Technically, Plaintiff was requesting leave to file a third amended complaint, because his prior request to file a third amended complaint [87] was denied [90]. For the sake of consistency, however, the Court will call the complaint that Plaintiff submitted on January 6, 2015 the proposed fourth amended complaint, as the parties do.

violated the biweekly reporting requirement contained in Federal Rule of Criminal Procedure 46(h)(2). Count II also alleged that Plaintiff was subjected to unreasonable and unlawful searches, including strip searches, and Count III also alleged that there was a lack of individual assessment, hearing or process before Plaintiff was detained. Count IV alleged a Fifth Amendment violation against Kubiatowski based on "special relationship" and "state-created danger" theories. Count V alleged that the Ozaukee County Defendants subjected him to unconstitutional strip searches. Count VI alleged that all Defendants denied Plaintiff access to the courts because he was not given access to a law library. Kubiatowski opposed Plaintiff's motion for leave to file the proposed fourth amended complaint. See [135].

On September 2, 2015, the Court granted in part and denied in part Plaintiff's motion. See [144]. The Court concluded that it would be futile for Plaintiff to amend Counts I through III to add additional allegations about the misstatements Kubiatowski made to obtain the material witness warrant, because Kubiatowski was absolutely immune from liability for any representations he made to obtain he warrant. [144] at 9-10. "That said," the Court explained, "Plaintiff still may proceed on his claims alleging that Kubiatowski failed to comply with Rule 46(h)(2)'s biweekly reporting requirement, as the Court explained in its prior Opinions and Orders." *Id.* at 10 (citing [98], [105]).

The Court also concluded that Count IV as pled was insufficient to state a claim that Kubiatowski imposed a state-created danger on Plaintiff in violation of the Due Process Clause of the Fifth Amendment. See [144] at 11-12. The Court explained that, to state a claim for state-created danger, Plaintiff was required to allege: (1) that Kubiatowski created or increased a danger faced by Plaintiff; (2) that Kubiatowski's failure to protect Plaintiff from danger was the proximate cause of Plaintiff's injuries; and (3) that Kubiatowski's failure to protect Plaintiff

"shocks the conscience."  [144] at 11 (citing *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 653-54 (7th Cir. 2011); *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817-18 (7th Cir. 2007)).  Plaintiff alleged that Kubiatowski proximately caused retaliation against him, caused him to fear being harmed or killed by drug trafficking organizations, and caused him to lose past and future income.  See [144] at 11.  The Court determined that these allegations were insufficient to state a claim because Plaintiff did not provide any concrete detail explaining why he is unsafe or allege conduct that shocked the conscience.  [144] at 11. The Court did not credit additional facts that Plaintiff set out in his response to Kubiatowski's motion to dismiss—that the defendants in *United States v. Diaz* threatened violence against him in retaliation and that he faced torture or death if he returned to Honduras—because those facts were not pled in the proposed fourth amended complaint.  See [144] at 11.  The Court granted Plaintiff until September 25, 2015 to file a fourth amended complaint identifying the John Doe Ozaukee County jail deputies.  It otherwise denied Plaintiff's motion for leave to file a fourth amended complaint.  The Court also granted Plaintiff leave to file another motion for leave to file an amended complaint, limited to Count VI, by no later than September 25, 2015.

Currently before the Court are: (1) Defendant Kubiatowski's motion [149] to strike Counts I, II, III and IV from Plaintiff's fourth amended complaint; (2) Plaintiff's motion [151] for leave to file a Fifth Amended Complaint, which Kubiatowski opposes [152]; and (3) Plaintiff's motion [156] for leave to file a supplemental complaint and request for declaratory and injunctive relief or, in the alternative, a Sixth Amended Complaint, which is opposed by Kubiatowski and the other federal government defendants [163] and by the Ozaukee County Defendants [164].

## III. Analysis

### A. Defendant Kubiatowski's Motion to Strike Counts I, II, III and IV from Plaintiff's Fourth Amended Complaint

#### 1. Plaintiff's Fourth Amended Complaint

On September 23, 2015, Plaintiff filed a fourth amended complaint [147] against Kubiatowski, Ozaukee County, Straub, and Sauer. Plaintiff also identified the Ozaukee County John Doe Jail Deputies and named Deputies Griffin, Kittinger, Frechette, Seidemann, McInnis, and Jepson as Defendants. In Count I of his fourth amended complaint, Plaintiff alleges that all of the Defendants violated his Fourth Amendment rights by: (1) subjecting him to prolonged, excessive, and punitive conditions of detention; (2) subjecting him to unreasonable and unlawful searches, including strip searches; (3) violating Rule of Criminal Procedure 46(h)(2); and (4) using the material witness statute, 18 U.S.C. § 3144, to detain him. In Count II, Plaintiff alleges that Defendant Kubiatowski violated the Fifth Amendment by: (1) subjecting him to prolonged, excessive, and punitive conditions of detention; (2) failing to provide an individualized assessment, hearing, or other proper process before detaining Plaintiff; and (3) violating Rule of Criminal Procedure 46(h)(2). In Count III, Plaintiff alleges that Defendant Kubiatowski's actions resulted in a state-created danger to Plaintiff, in violation of the Fifth Amendment. According to Plaintiff, Kubiatowski's actions caused Plaintiff to be unlawfully deprived of his liberty and placed him in ongoing danger.

In Count IV, Plaintiff alleges that the Ozaukee County Defendants violated the Fourth Amendment by subjecting Plaintiff to strip searches based on his arrest for non-indictable violations, without a particularized suspicion that Plaintiff had contraband or weapons. Plaintiff alleges that the strip searches were conducted pursuant to a policy, custom, or practice of the County, its Sheriff's Department, and/or its Department of Corrections. Finally, in Count V,

Plaintiff alleges that the Ozaukee County Defendants denied Plaintiff access to the courts, in violation of the First and Fourteenth Amendments. As a result of their actions, Plaintiff was unable to pursue his legal rights, including his right to a timely hearing.

### 2. Kubiatowski's Motion to Strike

Defendant Kubiatowski moves to strike Counts I through IV of Plaintiff's fourth amended complaint on the ground that the Court previously "denied [Plaintiff's] motion for leave to file the fourth amended complaint against Kubiatowski" and only granted Plaintiff "leave to file an amended complaint naming the Ozaukee County John Doe deputies and to file an additional motion for leave to file a fifth amended complaint concerning Villars' claim for state-created danger against Kubiatowski." [149] at 1 (citing [144] at 12). "[T]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

The Court grants in part and denies in part Kubiatowski's motion [149]. Plaintiff may proceed with Counts I (Fourth Amendment) and II (Fifth Amendment) of his claims against Kubiatowski, in his individual capacity, only to the extent that those claims are based on Kubiatowski's alleged failure to comply with Federal Rule of Criminal Procedure 46(h)(2). This is consistent with the Court's ruling [98] on Kubiatowski's motion to dismiss Plaintiff's second amended complaint and its ruling [144] granting in part and denying in part Plaintiff's motion for leave to file a fourth amended complaint. As the Court previously concluded, absolute prosecutorial immunity does not shield Kubiatowski from Fourth and Fifth Amendment claims based on his alleged failure to comply with Rule 46(h)(2), because compliance with that rule is

primarily an administrative act that required no advocacy on the part of the prosecutor. See [98] at 24-27 (citing *Daniels v. Kieser*, 586 F.2d 64 (7th Cir. 1978); *Adams v. Hanson*, 656 F.3d 397, 403 (6th Cir. 2011); *Odd v. Malone*, 538 F.3d 202, 212 (3d Cir. 2008)). See also [144] at 5.

The Court grants Kubiatowski's motion to strike Count III (state created danger) because Plaintiff did not have leave to include this claim in his Fourth Amended Complaint. Finally, the Court denies Kubiatowski's motion to dismiss Count IV of the fourth amended complaint because, as the Court reads it, Count IV is directed at the Ozaukee County Defendants only, not Kubiatowski.

**B.      Plaintiff's Motion for Leave to File a Fifth Amended Complaint**

**1.      Proposed Amendment**

On the same day that Plaintiff filed his fourth amended complaint [147], Plaintiff also filed a motion [151] for leave to file a fifth amended complaint. The proposed fifth amended complaint pleads additional facts concerning how Kubiatowski's actions gave rise to a state-created danger to Plaintiff. See [151] at 15-21. Plaintiff alleges that Kubiatowski created or increased the risk of danger to him by "disclos[ing] to the criminal defendants on the *Diaz* case * * * by naming [Plaintiff] as [a] cooperating source/Material Witness in the Court Docket (a public record) that [Plaintiff] had been a cooperating source or participated on a sting operation under the supervision of the DEA and FBI." [151] at 17 (citing Case No. 10-cr-199, docket entry [54], Government's Motion for Material Witness Warrant). As a result of Kubiatowski's disclosures, Plaintiff alleges, the defendants in *United States v. Diaz* and their acquaintances have intimidated and harassed Plaintiff and called him "sapo" (which is Spanish for "frog" and means "snitch"). According to Plaintiff, he will be tortured or killed if he returns to Honduras

because the defendants in *United States v. Diaz* have strong ties with drug trafficking organizations in that country.

## 2. Kubiatowski's Opposition

Kubiatowski opposes Plaintiff's motion on the basis that amendment would be futile because Plaintiff's allegations are insufficient to state a claim for state-created danger. See [152] at 2-3. The Court "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). See also *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002)).

As a "general principle," the Due Process Clause "limits the state's power to act, but does not act 'as a guarantee of certain minimal levels of safety and security.'" *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). One exception, however, "applies when a state actor's conduct 'creates, or substantially contributes to the creation of, a danger or renders citizens more vulnerable to a danger than they otherwise would have been.'" *Id.* (quoting *Reed v. Gardner,* 986 F.2d 1122, 1126 (7th Cir. 1993)). To state a Fifth Amendment claim for state-created danger, Plaintiff must allege that: (1) the state—here Kubiatowski—by his affirmative acts, created or increased a danger that Plaintiff faced; (2) that Kubiatowski's failure to protect Plaintiff from danger was the proximate cause of Plaintiff's injury; and (3) that Kubiatowski's

failure to protect Plaintiff shocks the conscience. *Id.* (citing *King ex rel. King v. East St. Louis Sch. Dist. 189,* 496 F.3d 812, 818 (7th Cir. 2007)).

According to the proposed fifth amended complaint, the only affirmative act that Kubiatowski took to create or increase the risk of danger to Plaintiff was filing his motion for a material witness warrant on the publicly accessible electronic court docket. The Court previously found that Kubiatowski is absolutely immune from liability for obtaining the warrant and for making misrepresentations to the Court to do so, because these acts were "taken in preparing for the initiation of judicial proceedings or for trial, *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998), and "intimately associated with the judicial phase of the criminal process.'" *Daniels v. Kieser*, 586 F.2d 64, 68 (7th Cir. 1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (federal prosecutor, in seeking to guarantee witness' presence at trial through material witness warrant, was attempting to prove all elements charged in indictment and thus was afforded absolute immunity as against witness' civil charges arising from his arrest on warrant). For the same reason, the Court concludes that the proposed fifth amended complaint does not state a claim for state-created danger and denies Plaintiff's motion for leave to file that complaint. However, as discussed below, the Court concludes that Plaintiff's proposed sixth amended complaint addresses the pleading deficiencies of the proposed fifth amended complaint and states a Fifth Amendment claim against Kubiatowski for state-created danger.[4]

---

[4] The Court finds it unnecessary to address Kubiatowski's other objections to the proposed fifth amended complaint. Kubiatowski raises the same objections to the sixth amended complaint and the Court discusses them in Section III(c)(3), *infra*.

**C.** **Plaintiff's Motion for Leave to File a Supplemental Complaint and Request for Declaratory and Injunctive Relief or, In the Alternative, a Sixth Amended Complaint**

**1.** **Proposed Amendment**

On January 25, 2016, Plaintiff filed a motion [156] for leave to file a supplemental complaint and request for declaratory and injunctive relief or in the alternative a sixth amended complaint. Plaintiff proposes to add as defendants Roecker, Lee, the U.S. Attorney General (currently Loretta Lynch) in her official capacity, the DEA, the FBI, and the DOJ. See [158]. Plaintiff named these defendants in his original complaint [14] but did not name them in any subsequent complaints or serve them with process. Plaintiff also proposes to add as defendants Robert Bella ("Bella"), a Special Agent for the DEA, and Morris Pasqual ("Pasqual"), Supervisor Assistant United States Attorney for the Northern District of Illinois. These two defendants have not been named in any of Plaintiff's prior complaints, although the original complaint did name as a defendant "John Doe as Assistant United States Attorney Office for the Northern District of Illinois." The John Doe Assistant U.S. Attorney was not named in Plaintiff's subsequent complaints.

Plaintiff's proposed sixth amended complaint alleges the following claims: a Fourth Amendment claim against Kubiatowski, Lee, Pasqual, Roecker, Bella, the Attorney General, the DEA, the FBI, and the DOJ (collectively, the "Federal Defendants") (Count I); a Fifth Amendment claim against the Federal Defendants (Count II); a state created danger claim against the Federal Defendants (Count III); an equal protection claim against Kubaitowski, Roecker, Lee, Pascual, and Bella (Count IV); a Fourth Amendment claim against the Osaukee County Defendants (Count V); a section 1983 action against the Osaukee County Defendants for denial of access to courts (Count VI); and Eighth and Fourteenth Amendment claims against the

Osaukee County Defendants (Count VII). Plaintiff requests compensatory and punitive damages and declaratory and injunctive relief. Plaintiff also alleges that the statute of limitations should be tolled: (1) because Defendants have a fiduciary duty to Plaintiff, including the duty to disclose; (2) by the doctrine of equitable estoppel; and/or 3) by the discovery rule. See [158] at 33.

The proposed sixth amended complaint contains additional allegations concerning assurances that the Federal Defendants made to induce Plaintiff to serve and continue serving as a CHS. The Court assumes that the following allegations are true for purposes of assessing Plaintiff's motion for leave to amend. When Plaintiff was detained by Immigration and Customs Enforcement ("ICE"), the federal government granted him deferred action and temporary legal status in exchange for acting as a CHS. Plaintiff was recruited as a CHS under false promises of permanent residency, safety, and humane treatment and the Federal Defendants knowingly and willingly agreed to lure and deceive him. Roecker assured Plaintiff that he would be protected, that his name would not be disclosed, and that in the case of a dangerous situation he would be afforded with a new identity and relocation at the government's expense. [158] at 11. Between March 12, 2010 (when the Government filed the complaint in *United States v. Diaz*, which recognized that Plaintiff's identity must be kept secret to protect his safety) and November 10, 2010 (when Plaintiff was detained on a material witness warrant that revealed his identity), the Federal Defendants did not tell Plaintiff that he would be needed as a trial witness and assured Plaintiff that he would be protected and that his CHS status would not be revealed.

Nonetheless, on October 27, 2010, Kubiatowski, with the approval and acquiescence of Pasqual, Lee, Roecker, and Bella, unlawfully released Plaintiff's identity in their publicly filed motion for a material witness warrant. Bella came up with the idea of arresting Plaintiff on a

material witness warrant; Kubiatowski made the decision to seek the warrant; and Pasqual approved the release of Plaintiff's name. According to Plaintiff, the U.S. Attorneys' Office for the Northern District of Illinois "has a policy, custom or practice to gratuitously disclose[] the name[s] of confidential informants to criminal defendants to gain the upper hand and pressure criminal defendants to enter plea agreements." [158] at 12. As a result of the Federal Defendants' decision to release Plaintiff's identity and failure to provide him with protection following the release of his identity, Plaintiff has received retaliatory death threats and faces the risk of harm or death both in the United States and if he is returned to Honduras. In October 2015 Plaintiff was advised by family members to avoid coming to Chicago, especially near their houses, because they were being watched by associates of drug traffickers. Plaintiff relocated himself in October 2015 and has been required to move continuously to avoid being located by drug traffickers. Plaintiff recently sought assistance from Roecker, the FBI and the DEA but was told that they would not get involved due to the pending litigation against them.

The Osaukee County Defendants and the Federal Defendants oppose Plaintiff's motion for leave to file a sixth amended complaint.

## 2.    The Osaukee County Defendants' Objections

The Ozaukee County Defendants oppose Plaintiff's motion on the basis of undue delay. See [164]. The Court concludes that Plaintiff has not engaged in undue delay. Delay standing alone is typically an "insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (" (citation omitted)). "Undue delay is most likely to result in undue prejudice" when a combination of factors—"delay in proceedings without explanation, no

change in the facts since filing of the original complaint, and new theories that require additional discovery—occur together." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010). In this case, the Osaukee County Defendants do not argue that amendment would delay the ultimate resolution of the case or cause them prejudice in any way. A trial date has not been set and discovery is ongoing. Therefore, the Court grants Plaintiff's motion for leave to file his proposed sixth amended complaint against the Osaukee County Defendants.[5]

### 3.    Kubiatowski's Objections

Kubiatowski argues that leave to amend should be denied as to Plaintiff's Fourth and Fifth Amendment claims against him (Counts I, II, and IV) because the Court previously limited Plaintiff to claims based on Kubiatowski's alleged failure to comply with Criminal Rule of Civil Procedure 46(h)(2)'s biweekly reporting requirement. The Court concludes that this is not a basis for denying Plaintiff's proposed sixth amended complaint. As the Court reads it, Plaintiff's proposed sixth amended complaint against Kubiatowski is already limited to the allegation that Kubiatowski violated Rule 46(h)(2).

Kubiatowski also argues that leave to amend should be denied as futile as to Plaintiff's state-created danger claim (Count III), for three reasons. First, according to Kubiatowski, Plaintiff "allege[s] that the only action which placed him in danger was his being named in the motion for a material witness warrant, an action which this court has found to be subject to absolute immunity." [163] at 5. However, Kubiatowski overlooks Plaintiff's new allegations. According to Plaintiff, the Federal Defendants, including Kubiatowski, knowingly and willingly

---

[5] The Ozaukee County Defendants also oppose Plaintiff's motion by incorporating by reference the arguments made by the Federal Defendants' in their opposition brief. See [164] at 2 (citing [163]). However, these arguments are inapplicable to the Ozaukee County Defendants because Plaintiff alleges different claims against the two groups of defendants.

agreed to lure Plaintiff into serving and continuing to serve as a CHS based on false promises that Plaintiff would receive permanent residency, that his identity would be kept secret, and that witness protection would be provided if his identity was disclosed.  Plaintiff further alleges that Kubiatowski placed Plaintiff in danger by failing to follow through on his promises.  These allegations are sufficient to support Plaintiff's claim that Kubiatowski engaged in "affirmative acts" that created or increased the danger that Plaintiff faced from retaliation by drug traffickers. *D.S.*, 799 F.3d at 798.  Cf. *Monfils v. Taylor*, 165 F.3d 511, 518 (7th Cir. 1998) (deputy police chief was not entitled to qualified immunity against claim that he violated anonymous informant's substantive due process rights by not preventing release of tape recording of informant's tip, where deputy chief clearly created danger that informant would not otherwise have faced—being killed by the individual identified in the tip—by assuring assistant district attorney that he would make sure tape was not released but not following through); *Vaughn v. City of Chicago*, 2014 WL 3865838, at *4 (N.D. Ill. Aug. 5, 2014) (denying defendant police officers' motion to dismiss Vaughn's father's claim for state-created danger on qualified immunity grounds, where father alleged that police ordered Vaughn to drop a stick that he had been protecting himself with and then looked on without intervening while Vaughn's rival beat him to death with a metal baseball bat).

Second, Kubiatowski argues that Plaintiff's proposed amendment of the state-created danger claim would be futile because Plaintiff fails to allege that he suffered any concrete harm. However, Kubiatowski does not address the more detailed allegations that Plaintiff has provided concerning his injuries.  Plaintiff alleges that he has received threats of retaliatory violence from associates of the defendants in *United States v. Diaz* and that he is currently living on the run and in hiding to avoid being located by drug traffickers.  Plaintiff has also received threats that he

will be tortured or killed if he returns to Honduras, where the defendants in *United States v. Diaz* have strong ties. Plaintiff learned of the threats through family and community members and from posts on Facebook. Kubiatowski does he cite any case law suggesting that Plaintiff's allegations are insufficient to state a claim for state-created danger. Therefore, the Court concludes that amendment to add these allegations would not be futile.

Third, Kubiatowski argues that amendment would be futile because the injuries Plaintiff alleges are "the same potential risks that [Plaintiff] would have faced if he testified against the defendants in *United States v. Diaz*, which he admits he agreed to do." [163] at 6 (citing [158] at 8-9, ¶¶ 37 & 42). Kubiatowski's argument fails at the outset because Plaintiff does *not* allege that he agreed to testify against the defendants in *United States v. Diaz*. While Plaintiff acknowledges that he agreed to work as a CHS, he alleges that he was continuously told by the Federal Defendants that his identity would not be disclosed and that he would be protected in the event that it was disclosed. For purposes of assessing Plaintiff's motion for leave to amend, the Court must assume that Plaintiff's version of the facts is true. See *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 611 (N.D. Ill. 2015) ("When the basis for denial is futility, the Court applies Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim for relief. * * * The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in      * * * favor [of the party seeking to amend].").

For these reasons, the Court grants Plaintiff's motion for leave to file his proposed sixth amended complaint against Kubiatowski.

## 4.	The Federal Agencies' and the Attorney General's Objections

The FBI, DEA and DOJ (collectively, the "Federal Agencies") and the Attorney General (who is sued in her official capacity, see [158] at 4) argue that Plaintiff's motion for leave to file a sixth amended complaint should be denied as futile because Plaintiff's claims against them for violation of his rights under the Fourth and Fifth Amendments are barred by the doctrine of sovereign immunity.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and also bars suit "against * * * its officers acting in their official capacity," *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000). Thus, Plaintiff's claims against the FBI, DEA, DOJ, and the Attorney General are barred by sovereign immunity unless immunity has been waived. The Supreme Court has recognized a private right of action to seek damages against federal agents in their individual capacities for Fourth Amendment violations, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and Fifth Amendment Due Process violations, *Davis v. Passman,* 442 U.S. 228, 245-46 (1979), but has declined to extend this waiver "to claims against federal entities." *Berrum-Plata v. United States*, 2013 WL 1344017, at *2 (N.D. Ill. Apr. 3, 2013). The federal government has, however, waived sovereign immunity in suits brought against its agencies for "relief other than money damages." See 5 U.S.C. § 702. The "United States may be named as a defendant" in a declaratory judgment action brought by a person who alleges to have suffered a "legal wrong because of [federal] agency action," and "a judgment or decree may be entered against the United States." *Id.*

In this case, Plaintiff's claims against the Attorney General in her official capacity are barred by sovereign immunity. *Davis*, 204 F.3d at 726. Plaintiff's claims against the Federal

Agencies are also barred by sovereign immunity to the extent that Plaintiff is seeking damages from these entities. See, e.g., *Sutton v. Donahoe*, 2012 WL 2863559, at *5 (N.D. Ill. July 11, 2012) (dismissing constitutional claims for money damages against the Post Office based on *F.D.I.C. v. Meyer*). However, Plaintiff's claims against the Federal Agencies are not barred to the extent that Plaintiff is seeking relief under the Declaratory Judgment Act. See [158] at 25-27. Given this potential avenue of relief against the federal agencies, the Court is not convinced that amendment would be futile and will allow Plaintiff in his sixth amended complaint to bring suit against the United States for relief other than money damages on his claims for violations of the Fourth Amendment (Count I) and Fifth Amendment (Counts II and III).

The Federal Agencies and the Attorney General argue in the alternative that "even if Villars could state a proper tort claim against the United States," Plaintiff's claims against them are barred by a two-year limitations period, measured from the date that Plaintiff was detained as a material witness (November 10, 2010). [163] at 2 (citing 28 U.S.C. § 2401(b)[6]). However, the Court cannot determine based on the pleadings and the minimal briefing provided by the Government that Plaintiff's claims are barred. Plaintiff was "not required to plead facts in the complaint to anticipate and defeat affirmative defenses" like Defendants' limitations argument. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). While in some cases "a complaint [will] show[] that the time for litigation has passed," *Villegas v. Stachula*, 2008 WL 5377801, at *1 (N.D. Ill. Dec. 19, 2008), Defendants have not demonstrated that to be the case here. For instance, Defendants do address the allegations Plaintiff made in anticipation of their limitations defense, namely that the limitations period was tolled (1) because

---

[6] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401.

Defendants have a fiduciary duty to Plaintiff, including the duty to disclose; (2) by the doctrine of equitable estoppel; and/or 3) by the discovery rule. See [158] at 33. The Court will not make Defendants' arguments for them, especially since Plaintiff is proceeding *pro se* and is therefore entitled to a liberal construction of his pleadings. See, e.g., *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 729 (N.D. Ill. 2014) ("The pleadings of *pro se* litigations are not held to the same stringent standards as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. Under this standard, a *pro se* complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." (quotation marks and citation omitted)).

For these reasons, the Court grants in part and denies in part Plaintiff's motion for leave to file a sixth amended complaint against the Federal Agencies and the Attorney General. In his sixth amended complaint, Plaintiff may bring suit against the United States for relief other than money damages based on the Federal Agencies' alleged violations of his rights under the Fourth Amendment (Count I) and Fifth Amendment (Counts II and III). See 5 U.S.C. § 702. This order is without prejudice to any motion to dismiss that the United States may choose to file.

### 5. Objections of the Remaining Individual Federal Defendants

Defendants Bella, Roecker, Lee, and Pasqual argue that Plaintiff's request for leave to file a sixth amended complaint against them should be denied as futile because Plaintiff's claims against them are barred by the two-year statute of limitations, which began running at the latest on January 11, 2013 when Plaintiff allegedly began receiving death threats. See [163] at 3 (citing 735 ILSC 5/13-202). These Defendants, like the Federal Agencies, fail to address Defendant's pleadings concerning why the limitations period should be tolled. See [158] at 33. Therefore, the Court declines to find that Plaintiff's proposed amendment would be futile as to

Bella, Roecker, Lee, or Pasqual. The Court's ruling is without prejudice to any arguments that these Defendants may choose to make in a motion to dismiss the sixth amended complaint.

## IV.     Conclusion

For the foregoing reasons, Defendant Kubiatowski's motion [149] to strike Counts I, II, III and IV of Plaintiff's Fourth Amended Complaint is granted in part and denied in part; Plaintiff's motion [151] for leave to file a Fifth Amended Complaint is denied; and Plaintiff's motion [156] for leave to file a supplemental complaint and request for declaratory and injunctive relief is granted in part and denied in part. This case remains set for a status hearing before Magistrate Judge Rowland on May 24, 2016, at 9:00 a.m.

Dated: April 29, 2016

_____
Robert M. Dow, Jr.
United States District Judge